```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                 SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION


FREDRICK B. SMILEY, #200927,    :

     Plaintiff,                 :

vs.                             :    CIVIL ACTION 16-580-WS-M

MOBILE COUNTY CIRCUIT COURT,    :

     Defendant.                 :
```

REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a Complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R). After careful consideration, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I. Complaint. (Doc. 4).

The Complaint before the Court is Plaintiff's First Amended Complaint, which Plaintiff was ordered to file because his original complaint was not on the Court's complaint form. (Doc. 3). He was informed that his original complaint would be superseded by his amended complaint and, therefore, he should not rely on the original complaint. (*Id.*).

The § 1983 complaint form used by Plaintiff advises him that the persons who are listed as defendants in Section III of form are considered by the Court to be Defendants to this action.  *See* Doc. 1 at 1(D).  In Section III, Plaintiff identifies, in the space for one defendant, "Mobile County . . . Mobile Circuit Court." (*Id.* at 5).  This entity appears more clearly in the style of the action as "Mobile County Cir. Court." (*Id.* at 1).

As for his claims against Defendant Mobile County Circuit Court, Plaintiff alleges the following.  Mobile County Circuit Judge Michael Youngpeter knew lies were being stated but allowed them, and then he sent the investigator Daniel Wills to investigate.  (*Id.* at 4).  Wills learned a different story from the complainant.  (*Id.*).  Glenn L. Davidson, (apparently Plaintiff's attorney), wanted Plaintiff to lie about things that did not happen; Davidson went along with the judges and the district attorney, but not with Plaintiff's side of the story.  (*Id.*).  When the truth emerged, the judge and district attorney dismissed the case of first-degree rape against him on May 19, 2014.  (*Id.*).  (In the original complaint, Plaintiff added that he was told he was a free man, but his probation was then revoked on an unrelated charge, which explains why he is presently incarcerated.  (Doc. 1 at 3)).  For relief, Plaintiff

wants $200,000 and to have this incident expunged from his records.  (*Id.* at 7).

II.   Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).

Because Plaintiff is proceeding *in forma pauperis*, the Court is reviewing the First Amended Complaint (Doc. 4) under 28 U.S.C. § 1915(e)(2)(B).  Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact."  *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).[1] A claim is frivolous as a matter of law where, *inter alia,* the defendants are immune from suit, *id.* at 327, or the claim seeks to enforce a right that clearly does not exist.  *Id.*

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility.  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

---

[1]   *Neitzke*'s interpretation of 28 U.S.C. § 1915(d) is applied to § 1915(d)'s superseding statute, 28 U.S.C. § 1915(e)(2)(B).  *Bilal v. Driver*, 251 F.3d 1346,1348-49 (11th Cir.), *cert. denied*, 534 U.S. 1044 (2001).

misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Furthermore, dismissal for failure to state a claim is also warranted when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court gives them a liberal construction holding them to a more lenient standard than those of an attorney, *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), but it does not have "license . . . to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Iqbal,* 556 U.S. 662 (2009). A court treats as true factual allegations, but it does not treat as true conclusory assertions or a recitation of a cause of action's elements. *Iqbal,* 556 U.S. at 681. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." *Moon v. Newsome,* 863 F.2d 835, 837 (11th Cir.), *cert. denied,* 493 U.S. 863 (1989).

III. Analysis.

"A successful section 1983 action requires a showing that the conduct complained of (1) was committed by a *person* acting

under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Harvey v. Harvey,* 949 F.2d 1127, 1130 (11th Cir. 1992) (emphasis added). The State and its arms, however, are not "persons" for the purpose of a § 1983 action. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 70 (1989); *Haywood v. Drown,* 556 U.S. 729, 734 n.4 (2009) (affirming the *Will* decision). Defendant Mobile County Circuit Court is a part of Alabama's Judiciary, one of the three branches of state government for the State of Alabama. *Opinion of the Justices,* 624 So.2d 107, 109-10 (Ala. 1993); *State v. Estate of Yarbrough,* 156 So.3d 947, 956 (Ala. 2014); *see Woods v. State*, 2016 WL 7322341, *2-3 (Ala. Crim. App. 2016) (describing the jurisdiction of various Alabama courts). Thus, the Mobile County Circuit Court is an arm of the State of Alabama and, therefore, is not a "person" that may be sued under § 1983. *Sturdivant v. Lovette,* 2013 WL 5350901, *8 (S.D. Ala. 2013) (holding that the Choctaw County Circuit Court is not a "person" within the meaning of § 1983)(unpublished); *Harris v. Elmore Cty. D.A. Office,* 2013 WL 1084294, *1 (M.D. Ala. 2013) (unpublished) (finding an Alabama district court is not a "person" for § 1983 purposes) (unpublished); *see Moity v. Louisiana State Bar Ass'n,* 414 F. Supp. 180, 182 (E.D. La.)

(holding the state supreme court "is not a 'person' amenable to suit under § 1983"), *aff'd,* 537 F.2d 1141 (5th Cir. 1976);[2] *Foster v. Walsh,* 864 F.2d 416, 418 (6th Cir. 1988) (holding a court is not a "person" within the meaning of that term as used in § 1983); *Coopersmith v. Supreme Court, State of Colo.,* 465 F.2d 993, 994 (10th Cir. 1972) (same). Thus, because Defendant Mobile County Circuit Court is not a "person" for the purposes of § 1983, this action is due to be dismissed as frivolous.[3]

IV. Conclusion.

Based upon the foregoing reason, it is recommended that this action be dismissed with prejudice as frivolous, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)

---

[2] The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

[3] Other reasons exist for finding that this action is frivolous. For example, the Mobile County Circuit Court, as an arm of the State of Alabama, is entitled to the Eleventh Amendment immunity from this action. *Alabama v. Pugh,* 438 U.S. 781, 782 (1978) (holding the State of Alabama and its Board of Corrections were entitled to Eleventh Amendment immunity and were due to be dismissed). Furthermore, the Mobile County Circuit Court is not a suable entity, in that it is not a person who is capable of accepting service of the complaint and responding to it. *Maier v. Wood Cty. Courthouse,* 2007 WL 3165825, *2 (W.D. Wisc. 2007) (unpublished); *cf. Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992)(holding that in Alabama "[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the

briefing before the Magistrate Judge is not specific.

DONE this 18th day of January, 2017.

s/ Bert W. Milling, Jr.<br>
BERT W. MILLING, JR.<br>
UNITED STATES MAGISTRATE JUDGE